UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NICKELODEON CONSUMER PRIVACY LITIGATION           MDL No. 2443

TRANSFER ORDER

**Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, defendant Viacom Inc. (Viacom) moves to centralize this litigation in the District of New Jersey.  This litigation currently consists of six actions pending in six district courts, as listed in Schedule A.  All responding parties agree that centralization of these actions is appropriate, but disagree as to the transferee district.  In addition to Viacom, defendant Google Inc. (Google) also supports centralization in the District of New Jersey.  In contrast, all responding plaintiffs support centralization in the Northern District of California.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of these actions in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All the actions are putative nationwide class actions against Viacom and Google arising from allegations that they violated the privacy rights of children under the age of thirteen who visited three websites—www.nick.com, www.nickjr.com, and www.neopets.com—operated by Viacom.  More specifically, plaintiffs allege that defendants surreptitiously collected information concerning the internet activity of minor visitors to the websites for use in targeted advertising.  Centralization of this consumer privacy litigation is consistent with our recent decisions involving the allegedly unlawful tracking of individuals' internet activity.  *See, e.g.*, *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 867 F. Supp. 2d 1356 (J.P.M.L. 2012); *In re Carrier IQ, Inc., Consumer Privacy Litig.*, 856 F. Supp. 2d 1332 (J.P.M.L. 2012); *In re Facebook Internet Tracking Litig.*, 844 F. Supp. 2d 1374 (J.P.M.L. 2012).  Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the District of New Jersey is an appropriate transferee district for this litigation.  The district is a convenient and accessible forum, relatively close to potential witnesses and evidence located in New Jersey and New York City.  The district also has the resources and capacity to efficiently handle this litigation.  Finally, centralization before the Honorable Stanley R. Chesler permits the Panel to assign the litigation to an able jurist with prior MDL experience.

---

[*] At oral argument, Judge John G. Heyburn II indicated that Judge Charles R. Breyer was recused from this matter.  A further examination, however, revealed that Judge Breyer is not disqualified, and thus he participated in this decision.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of New Jersey are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Stanley R. Chesler for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

IN RE: NICKELODEON CONSUMER PRIVACY LITIGATION                    MDL No. 2443

## SCHEDULE A

<u>Northern District of California</u>

L.G. v. Google, Inc., et al., C.A. No. 3:12-06555

<u>Southern District of Illinois</u>

T.M. v. Viacom, Inc., et al., C.A. No. 3:12-01295

<u>Western District of Missouri</u>

N.J. v. Viacom, Inc., et al., C.A. No. 2:12-04322

<u>District of New Jersey</u>

CAF and CTF, et al. v. Viacom, Inc., et al., C.A. No. 2:12-07829

<u>Western District of Pennsylvania</u>

K.T. v. Viacom, Inc., et al., C.A. No. 2:12-01868

<u>Southern District of Texas</u>

Stephanie Fryar v. Viacom, Inc., et al., C.A. No. 4:12-03713